**Sharon L. FORBIS, Plaintiff**

v.

**Wayne McGINTY, et al., Defendants**

**No. CIV.02–135–P–H.**

United States District Court,
D. Maine.

Nov. 4, 2003.

Daniel G. Lilley, Esq., Christian C. Foster, Esq., Daniel G. Lilley Law Offices, P.A., Portland, ME, for Sharon L. Forbis, Plaintiff.

Michael A. Cunniff, Esq., McCloskey, Mina & Cunniff, LLC, Portland, ME, for Wayne McGinty, individually and as an employee of the Portland Police Department, Robin A. Gauvin, individually and as an employee of the Portland Police Department, Richard R. Vogel, individually and as an employee of the Portland Police Department, Defendants.

## ORDER ON PLAINTIFF'S MOTION IN LIMINE

HORNBY, District Judge.

The plaintiff, Sharon Forbis, moves to exclude a particular note in her Emergency Physician Record ("T-sheet") from evidence. Although I agree with her argument that the note is not admissible under

the medical records exception to the hearsay rule. Federal Rule of Evidence 803(4), it is admissible as a recorded recollection, Fed.R.Evid. 803(5), of a party opponent's statement, Fed.R.Evid. 801(d)(2). Therefore, the plaintiff's motion to exclude the note is DENIED.

## FACTS

Paramedics transported Forbis to the Emergency Room of Mercy Hospital. Dr. Stephen Gallagher was the Emergency Room physician, and filled out Forbis's "T-sheet." He circled "patient" as "historian," then proceeded to circle "chest" as "location of pain/injury" and "moderate" as "severity of pain." Under the section labeled "context" Dr. Gallagher wrote, "Tried to break up fight @ home—'sons,'" and circled the word "blow" as the injury. Pl.'s Ex. 2. At his deposition, Dr. Gallagher had no present memory of whether this information came directly from Forbis. Gallagher Dep. at 8–9, 29. He testified that although he usually receives such patient history directly from the patient, he sometimes gets it from the nurse or paramedics. *Id.* at 8, 21. Forbis maintains now that the police officers who came to her home later that day, not her sons, were the ones who caused her injury. She denies telling Dr. Gallagher that her injury resulted from a fight between her sons. Pl.'s Mot. at 2.

## ANALYSIS

█ The note is not admissible under the medical records exception to the hearsay rule, Fed.R.Evid. 803(4), because the identity of the participants in whatever altercation caused the plaintiff's injury is not "reasonably pertinent to diagnosis or treatment." *See also* Fed.R.Evid. 803 advisory committee's note to paragraph (4) (1972 Proposed Rules).

If Forbis told Dr. Gallagher that her injury occurred when she "[t]ried to break up fight @ home—'sons'"—that statement would be admissible under Fed.R.Evid. 801(d)(2) as an admission by a party-opponent. But Dr. Gallagher cannot testify from present memory, even as refreshed by the note, that Forbis actually said this phrase to him. It can come in, therefore, only if it is admissible as a recorded recollection under Fed.R.Evid. 803(5). That rule makes admissible "[a] memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly." Fed.R.Evid. 803(5). The "knowledge" here is Dr. Gallagher's knowledge of what Forbis said to him, not or what actually happened to Forbis before she came to the hospital.[1] Fed. R.Evid. 104(a) makes it the judge's duty to determine whether a statement qualifies as a recorded recollection. *Petrocelli v. Gallison,* 679 F.2d 286, 292 n. 6 (1st Cir.1982); Fed. R. Evid. 104 advisory committee's note to subdivision (a) (1972 Proposed Rule). Unfortunately, "[n]o attempt is made . . . to spell out the method of establishing the initial knowledge or the contemporaneity and accuracy of the record, leaving them to be dealt with as the circumstances of the particular case might indicate." Fed.R.Evid. 803 advisory committee's note to paragraph (5) (1972 Proposed Rules).

---

1. As Dr. Gallagher testified, he wasn't there to observe and couldn't know. Gallagher Dep. at 22–23. The "knowledge" instead is whether Forbis told Dr. Gallagher that her injury occurred in connection with her sons' fight, for if she did her statement comes in, as recorded in the note. The jury will ultimately determine the actual source of the injury.

■ Dr. Gallagher once had the knowledge, required by Rule 803(5), as to whether Forbis made the statement, and he now has the necessary "insufficient recollection." Dr. Gallagher testified that he fills out the T-sheets almost contemporaneously with his examination of the patient, Gallagher Dep. at 21–22, thus meeting the requirement that the record be made when the matter is fresh in the witness's memory. The only question, therefore, is whether the note "reflect[s] that knowledge correctly." I believe the preliminary evidence shows that the T-sheet more likely than not correctly reflects the knowledge Dr. Gallagher once had in reflecting Forbis ("the patient") as the source of the statement.[2] The T-sheet has patient circled as historian, and Dr. Gallagher indicated that he usually receives this type of information from patients.[3] Therefore, the note is admitted as a recorded recollection under Fed.R.Evid. 803(5) and may be read into evidence. But the jury will ultimately have to determine whether Forbis actually made the statement to Dr. Gallagher. They will have the note, presumably Dr. Gallagher's present inability to recall

2. Preponderance of the evidence is the standard by which the judge determines the preliminary question of admissibility. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972) (preponderance standard for determining voluntariness of confession, a requirement for admissibility); Stephen A. Saltzburg, *Standard of Proof and Preliminary Questions of Fact*, 27 Stan. L.Rev. 271, 273, 288 (1975). Indeed, an argument can be made that the standard should be even lower: whether a reasonable jury could find that Forbis made the statement, rather than whether the judge concludes that she did. *United States v. Paulino*, 13 F.3d 20, 23 (1st Cir.1994) (question is whether the record would support; if so, it is admitted and weight is left to the jury); *United States v. Holmquist*, 36 F.3d 154, 167 (1st Cir.1994) (same standard for determining admissibility of a document whose authentication is challenged). Where the preliminary fact (*i.e.*, is the doctor's note accurate in reflecting Forbis as having attributed the injury to her sons' altercation?) is so closely tied to an ultimate issue in the case (*i.e.*, how the injury occurred), these cases suggest that it is not the court's role to make a factual determination, but rather to decide only whether a reasonable jury could properly find the ultimate fact in favor of the proponent of the evidence. *United States v. Barletta*, 652 F.2d 218, 219 (1st Cir.1981) (adopting that lower threshold for admissibility, where deciding whether a defendant's language or silence was an adoptive admission would determine both admissibility and the ultimate issue). In this case, Forbis's statement to the doctor explaining how her injury actually occurred is similar to a confession or adoptive admission. If so, perhaps it is not my role as judge to make a factual determination as to what Forbis actually told the doctor, but to determine whether a reasonable jury could find, by a preponderance of the evidence, the particular fact that Forbis made the statement to Dr. Gallagher. *Id.* at 219–20. After all, a primary reason for excluding hearsay is its insulation from cross-examination. Saltzburg, *supra*, at 289–90. But the hearsay here—Dr. Gallagher's out-of-court note about what Forbis allegedly said—can be subject to at least partial reliability testing in front of the jury by cross-examining the doctor on his recordkeeping practices (and current memory), as well as by introducing the testimony of Forbis or other potential sources for the information. It is fitting for the jury to make the ultimate credibility determination. *See generally* Maguire & Epstein, *Preliminary Questions of Fact in Determining the Admissibility of Evidence*, 40 Harv. L.Rev. 392. 415–20 (1927).

3. Of course it would be more comforting if Dr. Gallagher had said that he circles "patient" as the source of the information on the form only when he has in fact received the information from the patient. But the admissibility standard on the foundational question is preponderance of the evidence, and the evidence meets that standard. (I observe also that there is no evidence that the phrase Forbis objects to did come from the nurse or the paramedics. Moreover, such other sources seem unlikely for such a statement, for on the night in question the police officers who had been on the scene were taking the position that Forbis was not injured until her encounter with the police. Portland Police Dep't Use of Control 4–10–01, Pl.'s Ex. 3.)

whether Forbis actually said it, and her denial, and will decide accordingly.

CONCLUSION

The plaintiff's motion to exclude this note in the emergency room record is DE-NIED.

So ORDERED.